MICHAEL BRASSEL, Respondent, v. THE ELECTRIC
    WELDING COMPANY OF AMERICA,. Appellant.

**Negligence — Workmen's Compensation Law — an employee
injured in the course of his employment who was awarded
and accepted compensation under the Compensation Act can-
not maintain an action for damages — the fact that the acci-
dent occurred on navigable waters does not justify such an
action — payment of the award by the employer and accept-
ance by plaintiff constitute an accord and satisfaction.**

Plaintiff having been injured by falling down a hatchway while
working on a vessel undergoing repairs, applied to the State Industrial
Board for compensation for the term of his disability and was awarded
compensation, which defendant paid in full and plaintiff accepted and
has never tendered a return of the money. In this suit for damages,
the trial court held that the Industrial Board was without jurisdiction
since the injuries were received on navigable waters, and, therefore,
the award was void and its retention did not affect the plaintiff's
action except to require the compensation paid to be credited upon
the damages sustained. The judgment rendered upon the verdict
cannot be sustained, since the acceptance of the compensation has
destroyed plaintiff's right of action. Even if the award was without
binding force, the acceptance of full payment made thereunder resulted
in an accord and satisfaction.

Brassel v. Electric Welding Co., 208 App. Div. 744, reversed.

(Argued October 9, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered February 16, 1924, affirming a judgment in favor
of plaintiff entered upon a verdict.

Charles L. Woody and Robert H. Woody for appellant.
The plaintiff, having elected to take compensation under
the New York Compensation Law and voluntarily
invoked the jurisdiction of the New York State Com-
mission, and having received an award as damages for
his injuries, was thereafter estopped from claiming

damages again under the Maritime Law or any other law. (*Miller* v. *N. Y. Railways*, 171 App. Div. 316; *Dietz* v. *Solomonwitz*, 179 App. Div. 566; *Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 554; *G. S. P. Ship Co.* v. *Rohde*, 257 U. S. 468; *S. I. Comm.* v. *Nordenhold Corp.*, 259 U. S. 275; *Danielsen* v. *Morse D. D. & R. Co.*, 235 N. Y. 443; *Warren* v. *Morse D. D. & R. Co.*, 235 N. Y. 447.)

*Vine H. Smith* for respondent. Plaintiff's right to bring this action under the Maritime Law is unaffected by the proceedings taken under the Compensation Act. Those proceedings were wholly void, and no binding election resulted from their institution or their consummation. (*Standard Oil Co.* v. *Hawkins*, 74 Fed. Rep. 395; *Hawkins* v. *Dannenberg*, 234 Fed. Rep. 752; *Southern Pacific Co.* v. *Bogert*, 250 U. S. 483; *Bowdish* v. *Page*, 81 Hun, 170; 153 N. Y. 104; *Zurich General Accident, etc., Co.* v. *Industrial Accident Commission of California*, 218 Pac. Rep. 563; *Matter of Doey* v. *Howland Co.*, 224 N. Y. 30; *Kennedy* v. *Cunard S. S. Co.*, 197 App. Div. 459; 235 N. Y. 604.)

CARDOZO, J. Plaintiff, an employee of the defendant, the Electric Welding Company of America, fell down a hatchway while working on a vessel that was then undergoing repairs in dry dock at Brooklyn, New York. For the purpose of this appeal we assume that there is evidence of negligence on the part of his employer. He made application to the State Industrial Board for an award of compensation under the Workmen's Compensation Act during the term of disability. The injuries were not permanent, and the term of disability was short. Some time in 1920 the Board made the desired award, $15 a week for sixteen weeks, $240 in all, which the defendant paid in full. The plaintiff accepted the money and has never tendered a return of it. He now sues for his damages.

The trial judge held that the State Industrial Board was without jurisdiction, since the injuries were suffered on navigable waters (*Danielsen* v. *Morse Dry Dock & Repair Co.*, 235 N. Y. 439). From this he drew the conclusion, not merely that the award was void, but that its collection and retention did not affect the right of action, except to require the jury to credit the $240 upon the damages sustained. A verdict for $1,600 followed these instructions.

We think the acceptance of the payment has destroyed the right of action. The question is not whether the award has the effect of a binding adjudication. We may assume that it is void, and that, at least while unpaid, it might have been set aside or disregarded (*Matter of Doey* v. *Howland Co., Inc.*, 224 N. Y. 30). The question is whether a right of action has survived the collection of the award and the retention of the proceeds. The plaintiff made claim under the statute and must be charged with knowledge of its provisions. The statute provides (Workmen's Compensation Act [Cons. Laws, ch. 67], § 11) that the liability of an employer thereunder shall be " exclusive and in place of any other liability whatsoever " on account of the injury sustained by the employee. In the light of this provision, the employer, when it tendered payment of the award, affixed by implication the condition that the tender was made upon the statutory terms. The employee, by accepting payment, signified his assent to the condition, and his willingness to receive the money upon the terms thereby imposed. The transaction thus resulted in an accord and satisfaction. So viewed, its efficacy is independent of the jurisdiction of the Board to coerce unwilling parties. The situation is much the same as if an owner of a patent after suing for infringement in a State court and pocketing the proceeds of a judgment in his favor, were to urge the exclusive jurisdiction of the Federal courts as a reason why damages should be paid to him again. Consent and the

.estoppel flowing from consent would put him out of court (*Davis* v. *Wakelee,* 156 U. S. 680). Nor does the plaintiff help his case by crediting what he has received upon the damages recovered. By such a use of the money, payments made and accepted for one purpose are diverted to another. The defendant did not tender payment upon account of an unliquidated claim for damages to be enforced thereafter without prejudice, nor is there any evidence that the plaintiff so understood the effect of the acceptance. The payment was in full.

We are not required to decide whether the employee might have relief upon a showing of mistake. If that might ever be, at least the duty would be his before the beginning of the action to tender back what he had received (*McNamara* v. *Eastman Kodak Co.,* 232 N. Y. 18). He may not litigate his claim for damages while clinging to the fruits of the contract which he affects to disaffirm.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.