WILLIAM LARSCY, Respondent, *v.* T. HOGAN & SONS, INC., Appellant.

**Negligence — master and servant — agreement between master and servant that the latter would accept a designated sum as damages for his injuries — servant may repudiate such agreement before payment in full and bring an action at law for his damages, but amount already paid by master under the agreement must be deducted from damages allowed by verdict of jury.**

1. Plaintiff and his employer entered into an agreement to receive and pay a sum named as compensation to pla'ntiff for injuries received in an accident, part of which sum has been paid. Plaintiff refused to receive the balance and brought this action to recover his damages for negligence. Under these conditions there was no accord and satisfaction by full and complete payment and the plaintiff is ·not barred from maintaining this action.

2. Even though there was not complete satisfaction, plaintiff by repudiating his unexecuted agreement could not keep what has been paid him and at the same time recover full compensation. The sum paid by defendant should, therefore, be deducted from the amount of the verdict. (*Brassel* v. *Electric Welding Co. of America,* 239 N. Y. 78, distinguished. )

*Larscy* v. *Hogan & Sons,* 208 App. Div. 835, modified.

(Argued December 11, 1924; decided January 21, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Eli J. Blair* for appellant. A voluntary agreement of settlement and compromise having been made between the parties, it operated as a merger of plaintiff's alleged cause of action in the agreement, and a bar to the claim asserted in this action. (*O'Brien* v. *Det Forende Damphibs Selskab,* 94 N. J. L. 244; *Holzapfel* v. *Hoboken Manufacturers' R. R. Co.,* 92 N. J. L. 193; *Holland* v. *Atlantic*

*Stevedoring Co.*, 210 App. Div. 129; *Smith* v. *Morse Dry Dock & Repair Co.*, N. Y. L. J. June 10, 1924; *Mason* v. *Spencer & Sons Corp.*, N. Y. L. J. June 3, 1924; *Parr* v. *Village of Greenbush*, 112 N. Y. 246; *Chemical Nat. Bank* v. *Kohner*, 85 N. Y. 189; *Schwartz* v. *Klar*, 144 App. Div. 37; *Wilbur* v. *Schatchern*, 122 App. Div. 240; *Garrett* v. *Wood*, 55 App. Div. 281; *Emslie* v. *Livingston*, 34 App. Div. 133; *Spaulding* v. *American Wood Board Co.*, 26 App. Div. 237; *Naegeli Furniture Co.* v. *Holstein*, 175 N. Y. Supp. 779.)

*Morris A. Wainger* and *John C. Robinson* for respondent. The agreement of settlement and compromise made between the parties, did not operate as a bar to the claim asserted in this action. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30; *Warren* v. *Morse Dry Dock & Repair Co.*, 235 N. Y. 445; *Hessen* v. *Elm Coal Co.*, 184 App. Div. 715; *Sullivan* v. *Hudson Navigation Co.*, 182 App. Div. 152; *Cohen* v. *Rothstein*, 176 App. Div. 35; *Howland* v. *Atlantic Stevedoring Co.*, 210 App. Div. 129; *Danielson* v. *Morse D. D. & R. Co.*, 235 N. Y. 439.)

CRANE, J. By reason of our recent decision in *Brassel* v. *Electric Welding Company of America* (239 N. Y. 78) a word may be necessary in explanation of our affirmance of the judgment in the present case. In the *Brassel* case an award was made by the State Industrial Board under the Workmen's Compensation Act of a sum of money to an injured employee for a temporary disability. The full amount of the award was paid and accepted. As the injuries were received on navigable waters, the State Industrial Board was without jurisdiction to make the award. We held, however, that even though the award were void yet the acceptance of the amount of the award in full payment and satisfaction of the employee's claim was a discharge of the defendant's liability in an action at common law

for negligence. The receipt and retention of the full amount of the award as full and complete payment, amounted, we said, to an accord and satisfaction.

The facts in this case are different. The accident to the plaintiff in the case at bar occurred on November 10, 1919. At that time there was in force an act of Congress of October 6, 1917 (40 Stat. 395, ch. 97), which saved to maritime employees the rights given to them under the Workmen's Compensation Laws of the various States. Section 20 of the Workmen's Compensation Law of this State (Cons. Laws, ch. 67), as amended by chapter 629 of the Laws of 1919, provided that an employer and employee in case of injury might enter into an agreement for compensation which, after approval by the Commission, would result in an award. A report of such an agreement was to be made to the Commission within ten days after its making, signed by both the employer and employee. After notice to the beneficiary the Commission, if the agreement were strictly in accordance with the facts and provisions of the law, was to approve the agreement which approval would constitute an award.

Larscy, the employee, who was a stevedore working on a ship, and his employer, T. Hogan & Sons, Inc., after his injury entered into an agreement upon a blank form stated to be a " Joint Report of Agreement as to Payment of Compensation." It recited: " We * * * have reached an agreement in regard to compensation for the injury sustained by said employee, and submit this joint report of such claim and agreement. We agree that the facts herein stated are the basis of a claim made and to be paid in strict accordance with the Compensation Law; and we further agree to receive and to pay compensation * * * as may be determined from the nature, extent, duration and result of the injury described herein and as may be awarded by the State Industrial Commission." Then follows the statement regarding the

accident, the compensation to be paid and the time for payment.

The employer paid to the plaintiff the sum of $300 and apparently was willing to pay the balance, about $420, but the employee refused to receive it in view of the decision on May 10, 1920, of the United States Supreme Court in *Knickerbocker Ice Co.* v. *Stewart* (253 U. S. 149), holding that the Workmen's Compensation Law was without jurisdiction in a case like this. The plaintiff thereupon brought this action to recover his damages for negligence.

The defendant set up in its answer this agreement of March 12, 1920, made under the Workmen's Compensation Law and alleged that plaintiff agreed to take in full settlement and full satisfaction of his alleged claim against the defendant any amount provided under the Workmen's Compensation Law, and that relying upon said agreement by plaintiff, it had paid $270, leaving a balance of $420 which the plaintiff had refused to take.

We, therefore, have in this case an agreement which may or may not have resulted in an award and under it part payment by the employer. Payment, and not the agreement, was to be the full and complete satisfaction. Payment has not been made. The Workmen's Compensation Law has no application to the case. The agreement, as part of the procedure under that law, was void unless vitality can be preserved to it under common-law rules governing contracts. The defendant's counsel recognized this when offering the agreement in evidence, having stated at the time: " Even though it was not made under the law applicable here, I contend it is good as a common-law agreement. Both sides agreed upon a figure, plaintiff and defendant, and we made payments thereunder." As an agreement for a settlement at common law, the claim of the plaintiff would not be discharged or released until full and complete payment and execution. The agreement may have amounted to

an accord but payment only would amount to a satisfaction. Until there were an accord and satisfaction of plaintiff's claim by full and complete payment, the plaintiff was not barred from maintaining his action for negligence. (*Reilly* v. *Barrett*, 220 N. Y. 170; Williston on Contracts, sec. 1843.) To maintain this action it was unnecessary to tender back the payment made. (*Crouch* v. *Quigley*, 258 Mo. 651.)

The judgment, however, must be modified. Even though there was not complete satisfaction, the plaintiff in repudiating his unexecuted agreement could not keep what had been paid him and at the same time recover full compensation. What the remedy of the defendant in such a case would be we need not here discuss. Either by direct action, if not by counterclaim, it surely could recover the partial payment which had been made under an agreement in the nature of an accord and satisfaction. The procedure, however, in this case was stated by the court and acquiesced in by the parties. Counsel conceded that his client had received $300 which should be deducted from any amount recovered. The judge thereupon stated with the consent of defendant's counsel that when the jury had arrived at their verdict there would be deducted the amount of $300. When the jury returned their verdict, it was for the somewhat unusual figure of $5,300. The jury no doubt had heard what the judge said about the deduction of $300. It is evident that by the verdict they intended $5,000 as the amount to be allowed for pain, suffering and loss of earnings after the deduction. Upon the rendition of the verdict the defendant's counsel moved the court to deduct the $300 in accordance with the ruling which had been made during the course of the trial. This the court refused to do and an exception was duly taken. The law of this case was made by the judge at the request of or with the consent of the parties. The amount of $300 was to be deducted from the verdict of the jury. The case proceeded upon

this theory to a verdict. The $300 should have been deducted. What the trial court should have done, we will do by modifying the judgment recovered below to this extent and, as modified, affirming it, with costs to the appellant.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.