JAMES FITZGERALD, Appellant, *v.* HARBOR LIGHTERAGE COMPANY, Respondent.

Master and servant — negligence — workmen's compensation — maritime law — waiver — effect of notice by employer to State Industrial Board of advance payments to injured employee — acceptance by employee of payments of interlocutory awards of compensation does not extinguish cause of action for damages — stevedore injured on vessel in navigable waters not barred from maintaining action for damages, under maritime law, by filing claim for compensation and accepting interlocutory awards under Workmen's Compensation Law — not chargeable with waiver, under section 113, as amended by chapter 615 of Laws of 1922, where it does not appear that employer and insurance carrier joined therein.

1. The only effect of notice by an employer to the State Industrial Board that advance payments have begun to an employee for injury received in the course of his employment is to give the employer the right to credit such payments on account of an award of compensation if one should afterwards be made.

2. Acceptance of an award, not final, under the Workmen's Compensation Law, is at most an accord, and not a satisfaction, with the result that a cause of action for damages continues unextinguished, though subject to a set off to the extent of partial payments. (*Larscy v. Hogan & Sons*, 239 N. Y. 298, followed.)

3. Where, therefore, a stevedore, injured while working on a vessel in navigable waters, filed a claim under the Workmen's Compensation Law for compensation for the resulting disability and thereafter accepted payments of awards made by the Industrial Board, the proceeding, however, being continued and there having been no final award, he is not precluded from maintaining an action, under the maritime law, to recover for the injury.

4. Nor may he be charged with waiver under section 113 of the Workmen's Compensation Law, as amended by chapter 615 of the Laws of 1922, providing for awards in respect of injuries subject to the admiralty laws, in case the claimant, the employer and the insurance carrier waive their admiralty rights and remedies. Assuming the validity of the statute, claimant, employer and insurance carrier must unite in foregoing their admiralty remedies before the statute is operative. Payment by the employer of interlocutory awards would

not bar it from appearing at the final hearing and contesting the claim for any sufficient cause, including lack of jurisdiction.

*Fitzgerald* v. *Harbor Lighterage Co.*, 216 App. Div. 764, reversed.

(Argued November 30, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 21, 1926, which affirmed a judgment in favor of defendant entered upon an order of Special Term granting a motion by defendant for a dismissal of the complaint under Civil Practice Rule 107.

*Charles A. Ellis* and *Silas B. Axtell* for appellant.    The tort here involved and the rights of the parties arising therefrom were not only maritime, but peculiarly maritime; and no State Workmen's Compensation Act or other State legislation could oust, exclude, destroy, enlarge or affect the maritime rights of the parties. (U. S. Constitution, art. 3, § 21; U. S. Judicial Act, § 24; *Clyde S. S. Co.* v. *Walker*, 244 U. S. 255; *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Butler* v. *Robins Dry Dock Co.*, 240 N. Y. 23; *Lahti* v. *Terry & Tench Co.*, 240 N. Y. 292; *Danielson* v. *Morse Dry Dock & Repair Co.*, 235 N. Y. 439; *Warren* v. *Morse Dry Dock & Repair Co.*, 235 N. Y. 445; *Christensen* v. *Morse Dry Dock & Repair Co.*, 214 N. Y. Supp. 732; *Argentino* v. *Jarka Co.*, 214 N. Y. Supp. 218; *Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52; *DeLovio* v. *Boit*, 2 Gall. 398.)    The State Legislature, being powerless to contravene or interfere with the proper harmony and uniformity of the maritime law, is equally powerless to establish a contravening system which shall be concurrent therewith so as to require or occasion an election; and, being powerless to require claimants in a peculiarly maritime matter to proceed under a State compensation law, is equally powerless to require such claimants to make an election between maritime proceedings and proceedings under a State compensation law.    The State act, being wholly ineffective to alter or affect plaintiff's maritime rights,

has established no jurisdiction over such rights; and neither its provisions nor its abortive operation can extinguish or exclude such maritime rights. Rights which are peculiarly maritime can be extinguished or excluded, because of proceedings under such a State act, only on contractual principles and only where it can be held that a settlement and accord had been reached and satisfaction made. (*Southern Pacific Co. v. Jensen*, 244 U. S. 205; *Knickerbocker Ice Co. v. Stewart*, 253 U. S. 149.) There has been no accord and satisfaction of plaintiff's claim for damages. (*Larscy v. Hogan & Sons*, 239 N. Y. 298; *Knickerbocker Ice Co. v. Stewart*, 253 U. S. 149.)

*Paul Koch* and *A. G. Maul* for respondent. The plaintiff employee, defendant employer and the insurance carrier having elected to accept the remedy provided for in the Workmen's Compensation Law, the sole jurisdiction of the matter is vested in the State Industrial Board, Bureau of Workmen's Compensation. (*Danielson v. Morse Dry Dock & Repair Co.*, 235 N. Y. 439; *Grant, Smith-Porter Co. v. Rohde*, 257 U. S. 469; *Shannanhan v. Monarch Eng. Co.*, 219 N. Y. 469; *Knickerbocker Ice Co. v. Stewart*, 253 U. S. 149; *Southern Pacific Co. v. Jensen*, 244 U. S. 205; *Lahti v. Terry & Tench Co.*, 240 N. Y. 292; *Bockhop v. Phœnix Transit Co.*, 127 Atl. Rep. 624; *Millers' Indemnity Underwriters v. Brand*, 46 Sup. Ct. Rep. 94; *Holland v. Atlantic Stevedoring Co.*, 210 App. Div. 129; *Brassel v. Electric Welding Co.*, 239 N. Y. 78; *McEntee v. City of New York*, 207 App. Div. 878; 237 N. Y. 19.)

Cardozo, J. Plaintiff was injured on a vessel while working as a stevedore in navigable waters. He complains that the negligence of the defendant, his employer, was the cause of his misfortune. The question is whether by contract or election following the injury the remedy under the maritime law has been displaced, and a new remedy established.

On the day of the accident, June 29, 1922, plaintiff gave written notice of his injury to the Industrial Commissioner and filed a claim for compensation for the resulting disability. On August 11, 1922, there was filed with the Commissioner a notice by the employer that advance payments had begun. The only effect of that notice was to give the employer the right to credit such payments on account of an award of compensation if one should afterwards be made (Workmen's Comp. Law, § 20-a, as then in force; Cons. Laws, ch. 67). On December 14, 1922, there was an award by the Industrial Board of $360 for disability to that date, with a continuance of the proceeding. On May 22, 1923, there was an award of $240, the proceeding being again continued. Both these awards were paid by the employer and accepted by the plaintiff. On June 19, 1923, the proceeding was placed on the final adjustment calendar for June 28, and on claimant's failure to appear was adjourned to a later date, and then held in abeyance. There has been no final award for the entire disability. On August 22, 1923, this action was begun.

We held in *Brassel* v. *Electric Welding Co.* (239 N. Y. 78) that a final award when accepted by the claimant is an accord and satisfaction, and that causes of action for damages growing out of the same injuries, though based upon the maritime law, must be held to be extinguished. On the other hand, we held in *Larscy* v. *Hogan & Sons, Inc.* (239 N. Y. 298), that acceptance of an award not final is at most an accord, and not a satisfaction, with the result that the cause of action for damages continues unextinguished, though subject to a set off to the extent of partial payments (Williston, Contracts, § 1843, and cases cited; *Reilly* v. *Barrett,* 220 N. Y. 170).

The decision in *Larscy* v. *Hogan & Sons, Inc.,* is decisive of the case at bar, unless an amendment of the statute, which took effect June 1, 1922, after Larscy had been injured, has changed the previously existing rule. By

Laws of 1922, chapter 615, section 113 of the Workmen's Compensation Law was amended so as to provide that "awards according to the provisions of this chapter may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies, and the state insurance fund or other insurance carrier may assume liability for the payment of such awards under this chapter."

We find it unnecessary to determine whether waiver in accordance with this section would supersede the remedy in admiralty. Construing our own statute, we hold that the waiver which it contemplates has never been announced. Claimant, employer and insurance carrier must unite in foregoing their admiralty remedies before the statute will be operative, if its validity be assumed. Nothing of the kind is proved. We put aside the question whether waiver by the claimant within the meaning of this section is sufficiently established by the election to file a claim, unaccompanied by express disclaimer of admiralty remedies. Even if this be assumed, the defendant is not helped unless employer and insurance carrier by some definitive expression have renounced *their* remedies as well. We see no basis for a finding that renunciation was effective when this action was begun. The employer had paid provisional or interlocutory awards for temporary disability. It may have been moved to this course by charity or by indifference or by dislike of litigation. Its acquiescence would not have barred it from appearing at the final hearing and contesting the claim for any sufficient cause including lack of jurisdiction. Indeed, in its answer to this complaint, it states that it acted under mistake of fact and law in paying what it did, and asks by way of counterclaim that the moneys be repaid. If there has been no definitive election by the employer, still less has there

been any by the carrier. There is no evidence that the carrier supplied the moneys whereby the provisional awards were paid. There is none that it assumed liability by the terms of its policy for accidents subject to the maritime law. We think it is unimportant that since this action was begun, the defendant by answer and affidavit has invoked the protection of the statutory remedy. There is no need to dwell upon the point that it speaks even now for itself and no one else. Aside from this objection, the waiver is ineffective to destroy the cause of action unless definitively announced before a summons has been served. At the beginning of this action the Board was without jurisdiction to proceed to an award, for the conditions had not been satisfied upon which jurisdiction was dependent (Workmen's Comp. Law, § 113). The Legislature did not mean, even if it could constitutionally enact, that a claimant should be left with his remedies in indefinite suspense. Waiver here as often is a term of equivocal significance (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380, 389). In the setting of the context, it imports a concurrent evidence of intention having the force of an agreement to forego one set of remedies and abide by another. Until that intention is announced by all who must participate, a waiver by any one of them is inchoate and revocable. If this were not so, a claimant would find that he had barred himself from a remedy in the courts by a waiver ineffective to give jurisdiction to the Board. Election is inoperative when the alternative remedy selected is one denied by law. Choice has not been made until choice has been allowed (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308, 311).

Waiver being excluded, the right established by the maritime law continues unimpaired. Maritime jurisdiction is established both by the *locus* of the accident (*Grant Smith-Porter Co.* v. *Rohde*, 257 U. S. 469) and by the nature of the work (*Great Lakes Dredge, etc., Co.* v.

*Kierejewski,* 261 U. S. 479; *Int. Stevedoring Co.* v. *Haverty,* 272 U. S. 50). When the first of these grounds of jurisdiction is present without the second, there is room for the contention that the Workmen's Compensation Act of the state can be applied without " material prejudice to any characteristic feature of the general maritime law " (*Millers' Ind. Underwriters* v. *Braud,* 270 U. S. 59; *Terry & Tench Co.* v. *Lahti,* 272 U. S. ——). When the two grounds concur, the law of the State must bend to the supreme law of the land and the power of the nation (*Great Lakes Dredge, etc., Co.* v. *Kierejewski,* 261 U. S. 479; *Gonsalves* v. *Morse Dry Dock & Repair Co.,* 266 U. S. 171).

The judgment of the Appellate Division and that of the Special Term should be reversed with costs in this court and the Appellate Division, and the motion for judgment denied with costs.

CRANE, J. (dissenting). I dissent from the majority opinion in this case on the ground that the acts of all the parties applying to and appearing before the Industrial Board, and the act of the claimant receiving partial payment of an award, constituted a waiver under the amendments to the Workmen's Compensation Law added by chapter 615 of the Laws of 1922. It is difficult for me to understand what would constitute a waiver if these acts did not.

The plaintiff filed a claim for compensation under the Workmen's Compensation Act. All other parties in interest, the employer and the insurance carrier, appeared and participated in the proceedings. Partial awards were made, paid and accepted. Under any other procedure, such actions would have constituted an election of remedies. Our statute now provides, under the above amendment, that all parties may waive their right to proceed according to maritime law. There is nothing in the Constitution that I know of which prevents parties

from waiving such a right or privilege.   The Legislature may not arbitrarily declare certain things to constitute a waiver which do not evidence them to be such as matter of fact.   Nevertheless, the Legislature may give effect to certain acts and proceedings as a waiver when they indicate that the parties have knowingly and deliberately made an election.   The benefits of the Workmen's Compensation Law have been universally recognized as a relief to the working man and from the uncertainty of negligent actions, dependent as they are upon so many caprices.   If a workman, entitled to sue in admiralty for an injury, elects to take the benefits of a State Workmen's Compensation Law, I can see no more reason why he should not thereafter be held to his acts the same as he would in admiralty for many other elections he might make.   He can assign a claim for money due, or he can release for adequate or inadequate consideration a claim for injuries arising out of negligence. He does not need protection of the court as do infants and incompetents in these particulars.

Why is it, then, that he cannot accept under a State statute payment for injuries received within the State jurisdiction as matter of election?   In my judgment, to compel an employee to waive his rights in admiralty before accepting employment would be going too far. It would be an attempt to oust the courts of their proper jurisdiction by means which in the stress of the labor market would have the color of coercion.   But where a man knowingly makes an election after his injury, I can see nothing improper or illegal in holding him to it.

Therefore, I believe that this statute of ours is constitutional, and that under it the claimant in this case made his election.   I believe in giving force to our statutes unless for some very clear reason they appear to be unconstitutional.   Like all new subjects for legislation and judicial action, the rights of the working man under our two jurisdictions must be slowly and gradually

developed. We cannot expect that all wisdom will be expressed in the first decision. Man is not infallible, and time develops many new viewpoints. In this process of adjustment, we must not be too ready to criticise decisions or find fault with uncertainties. The courts do the best they can. It is in this attitude that I approach the decision in this case, and feel that until the United States Supreme Court has decided that State Legislatures can in no way legislate for the benefit of longshoremen that I have decided to cast my vote in favor of our State statute and the right of such men to take compensation under the Workmen's Compensation Law.

Pound, Andrews and Lehman, JJ., concur with Cardozo, J.; Crane, J., dissents in opinion in which Hiscock, Ch. J., and McLaughlin, J., concur.

Judgments reversed, etc.