JACK GILBERT, Appellant, *v.* IRVING S. ROTHSCHILD, Respondent.

Second Department, June 10, 1938.

*Sidney S. Hein* [*George D. Clark* with him on the brief], for the appellant.

*William L. Shumate,* for the respondent.

JOHNSTON, J. The action is to recover $50,000 for personal injuries sustained by plaintiff on January 9, 1935, when he was a passenger in a motor vehicle owned by defendant. The answer, in addition to a general denial, sets up a separate defense alleging that on March 15, 1935, plaintiff, for a good and valuable consideration, executed and delivered to defendant a general release which is pleaded as a bar to the action. Plaintiff in his reply alleges that the release was procured by fraud and misrepresentation of defendant's agent, who assured him his injuries were minor and inconsequential when, in fact, they were grave and permanent. On December 26, 1936, an order was made directing that the issue raised by the separate defense be tried separately prior to the other issues. At the trial of the issue concerning the validity of the release, plaintiff's counsel, in his opening and in the colloquy following the opening, admitted the release was executed and delivered by plaintiff and at that time he received seventy-five dollars, which he retained. The court then stated unless the seventy-five dollars was returned the complaint would be dismissed. Plaintiff refused to return the seventy-five dollars, and the complaint was dismissed. Plaintiff appeals.

Plaintiff urges that when he delivered the release he was not aware of the serious nature of his injuries, including a fracture of the skull, and, therefore, when he accepted the seventy-five dollars it was for the minor injuries he suffered, and that he may prosecute his action and recover for the more serious injury then known to defendant but unknown to him. It is not denied that when plaintiff executed and delivered the release and accepted the consideration therefor he knew the nature and purpose of the instrument. The release, which is general in terms and a comprehensive discharge of every liability of defendant, may not be avoided unless

it was based on mutual mistake, or mistake on plaintiff's part and fraud on the part of defendant. Accepting plaintiff's statement as true, the release, not being tainted with fraud in the *factum* but fraud in the treaty, is not void but voidable, and until set aside is a complete bar to plaintiff's cause of action. He may not have the release canceled without returning or tendering what he received at the time he executed and delivered it. If it appeared that plaintiff, in addition to the cause of action pleaded, had another cause of action, and that, contrary to his intent and through mistake on his part and fraud on the part of the defendant, the release included the cause of action pleaded, then the instrument would not bar his right to recover in this action, nor would he be required to return or tender the consideration he received. The reason is obvious. Under such circumstances he would affirm the release but object to its application to his present cause of action. (*Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182.) Here, however, plaintiff had only a single cause of action for personal injuries, and his release is conclusive until canceled. Therefore, as he disaffirms the release and seeks to have it set aside, he must restore or tender to defendant the consideration he obtained by virtue of the contract. (*Gould* v. *Cayuga County National Bank*, 86 N. Y. 75, 79.) " He may not litigate his claim for damages while clinging to the fruits of the contract which he affects to disaffirm." (*Brassel* v. *Electric Welding Co.*, 239 N. Y. 78, 81.)

The judgment should be affirmed, with costs.

LAZANSKY, P. J., and ADEL, J., concur; DAVIS, J., with whom TAYLOR, J., concurs, dissents and writes for reversal and a new trial.

DAVIS, J. (dissenting). As the record stands, the defendant fraudulently induced the plaintiff to settle for seventy-five dollars in payment for minor injuries, when in fact the plaintiff had, unknown to him, a fracture of the skull. This action is in effect to recover damages for the more serious injuries.

In actions involving property, if a party wishes to rescind, a tender or restoration of benefits received is necessary to maintain the action. (*Vail* v. *Reynolds*, 118 N. Y. 297.) In this type of action, where the compromise is made before the nature and extent of the injuries have been discovered, and there is mutual mistake or fraud, the rule is not so clear that to overcome the apparent validity of the release, tender of a small amount received is essential. Either the plaintiff offers no proof in respect to the injuries for which compensation has been made, or there is credit given on the trial. (*Dominicis* v. *United States Casualty Co.*, 132 App. Div. 553; *Landau* v. *Hertz Drivurself Stations, Inc.*, 237 id. 141; *Harvey* v. *Georgia*, 148 Misc. 633; *Moses* v. *Carver*, 164 id. 204; *Larscy* v.

*Hogan & Sons,* 239 N. Y. 298.) Where there is fraud it is in the nature of an action to recover further damages, retaining what he has received. (*Vail* v. *Reynolds, supra.*)

In modern practice the claim that there should be tender of such small sums received as a compromise seems to have been abandoned. In the numerous cases of this type on appeal to this court in the past five years, this is the first time the question has been raised.

Further, the motion to dismiss on the opening was premature. The defendant had the burden of establishing the release as a defense. (*Boxberger* v. *N. Y., N. H. & H. R. R. Co.,* 237 N. Y. 75.) I vote for reversal and a new trial.

TAYLOR, J., concurs.

Judgment affirmed, with costs.