In an action to recover damages for personal injuries suffered by plaintiff wife, and by her husband for loss of cervices and medical expenses, the complaint alleges that plaintiff wife and one Bowman were fellow employees of defendants Gershunoff and Manya Realty Corporation; that as part of her employment defendant Gershunoff assigned her to a room in an annex building for sleeping quarters, assuring her that she would occupy the premises alone; that said defendant assigned Bowman and another to sleep in the same premises as that assigned to said plaintiff; that, while plaintiff wife was asleep in her room during the night, Bowman assaulted, stabbed and raped her. It is also alleged that Bowman had a propensity and habit of attacking people and committing illegal sexual acts and assaults and had been imprisoned for such acts and assaults, and that defendant Gershunoff knew or should have known of the vicious propensities of Bowman before Gershunoff hired him. In addition to denials, defendants Gershunoff and Manya Realty Corporation pleaded as an affirmative defense that Gershunoff had obtained workmen’s compensation and that such compensation was the exclusive remedy of plaintiff wife. Defendant Gershunoff also pleaded as an .affirmative defense that plaintiff wife had applied for and received medical benefits under the Workmen’s Compensation Law. Plaintiffs moved to dismiss these affirmative defenses as insufficient in law. Defendant Gershunoff moved for summary judgment. Both motions were denied on the ground that there were issues of fact which must be determined on a trial. Plaintiffs and defendant Gershunoff appeal from the portions of the order which adversely affect them. The evaluating of the defenses and their adequacy, if any, should await the trial. Order affirmed, without costs. Carswell, Acting P. J., Wenzel and MacCrate, JJ., concur; Johnston, J., concurs as to the affirmance of that part of the order appealed from which denies the motion of defendant Gershunoff for summary judgment, but dissents as to the affirmance of that part of the order appealed from which denies plaintiffs’ motion to strike the affirmative defense from the answers of defendants Gershunoff and Manya Realty Corporation as insufficient, and votes to grant the motion, with the following memorandum : Plaintiffs’ motion to strike out the defense alleged in the answers of defendants Gershunoff and Manya Realty Corporation that Gershunoff had secured workmen’s compensation and that the sole remedy of plaintiff wife is such compensation should have been granted. In order for workmen’s compensation to be the exclusive remedy of an employee, the injury must arise both out of and in the course of employment. (Matter of Heitz v. Ruppert, 218 N. Y. 148, 151.) Although the injury for which plaintiff wife sues arose in the course of her employment (Matter of Giliotti v. Hoffman Catering Co., 246 N. Y. 279), the injury did not arise out of the employment. (Matter of Scholtzhauer v. C. & L. Lunch Co., 233 N. Y. 12.) Where the assault is not an act within the scope of the authority of the assaulting employee or in the course of his employment, the injury does not arise out of the employment. (Mazarredo v. Levine, 274 App. Div. 122, 125-126.) Ror is it a defense, as pleaded in the answer of defendant *1150 Gershunoff, that plaintiff filed a claim for compensation and accepted medical benefits, in the absence of a final award or complete payment. (Fitzgerald v. Harbor Lighterage Co., 244 N. Y. 132; Larcsy v. Hogan & Sons, 239 N. Y. 298.) Furthermore, since plaintiff wife had no right to compensation, the acceptance of partial benefits did not constitute an election of an inconsistent remedy. (Matter of Tate v. Estate of Dickens, 276 App. Div. 94.) In view of the fact that the motion of defendant Gershunoff for summary judgment was based solely on proof of his defense that he had secured workmen’s compensation, and since in my opinion that defense is insufficient, I believe the motion for summary judgment was properly denied. Adel, J., dissents and votes to modify the order by striking from the second ordering paragraph everything following the words “ hereby is ” and substituting in place thereof the word “ granted,” and, as thus modified, to affirm the order with the following memorandum: The action is to recover damages for personal injuries suffered by an employee when she was assaulted by a fellow employee while asleep in her bedroom on the premises of the place of employment, and which sleeping accommodation was furnished as an incident of employment. Accepting the allegations of the complaint as facts, I conclude from the papers submitted on the motion for summary judgment that the plaintiff wife was employed as a chambermaid and the defendant Bowman as a porter by the same employer; that the defendant employer secured compensation under the Workmen’s Compensation Law, and that the plaintiffs have failed to show the existence of a material triable issue. I am of the opinion that the exclusive liability of the defendant employer is under the Workmen’s Compensation Law. (Mazarredo v. Levine, 274 App. Div. 122; Matter of Gilliotti v. Hoffman Catering Co., 246 N. Y. 279.) This disposition makes it unnecessary to pass upon the appeal of the plaintiffs insofar as it affects the motion to dismiss the affirmative defenses. [See 278 App. Div. 578.]