■ In the Matter of TOWN OF HUNTINGTON, Relative to Acquiring Title to Real Property for Park and Recreation Purposes. JUSTINE L. LAMBERT, Appellant; BOARD OF TRUSTEES OF THE TOWN OF HUNTINGTON, Respondent.— In a condemnation proceeding under the Suffolk County Improvement Act (L. 1927, ch. 190, as amd.), claimant Justine L. Lambert appeals from an order of the Supreme Court, Suffolk County, entered November 3, 1965, which denied her motion to strike out interrogatories propounded by the claimant Board of Trustees of the Town of Huntington and directed her to serve answers to said interrogatories. Both claimants assert title to the same real property. Appeal dismissed, without costs. The order appealed from is an intermediate order and under section 29 of the statute (L. 1927, ch. 190, as amd.) no appeal lies therefrom. (*Matter of County of Suffolk* v. *Trustees of Town of Brookhaven*, 19 A D 2d 626, mot. for lv. to app. den. 13 N Y 2d 599; cf. *Great Neck Water Auth.* v. *Citizens Water Supply Co. of Newtown*, 12 N Y 2d 167, 173.) Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ EINAR L. JOHNSON, Respondent, v. GEORGE J. WALDIE TOWING Co., Appellant, et al., Defendant.— In an action by a seaman to recover damages for personal injuries against his employer, defendant George J. Waldie Towing Co., pursuant to the Jones Act (U. S. Code, tit. 46, § 688, as amd.), said defendant appeals from so much of an order of the Supreme Court, Kings County, entered July 29, 1965, as denied its motion for summary judgment pursuant to CPLR 3212. Order, insofar as appealed from, reversed, without costs; appellant's motion for summary judgment granted; and complaint dismissed as against appellant, without costs. The action is accordingly severed as to appellant. Appellant interposed the defense that plaintiff is precluded from recovery in this action on the ground that a prior award for his injuries had been made by the New York State Industrial Board under the provisions of the Workmen's Compensation Law which plaintiff accepted in full payment as an accord and satisfaction. We are of opinion that payment of such an award in full to plaintiff bars the present action under the Jones Act and, therefore, that the learned Special Term should have granted appellant's motion for summary judgment (*Brassel* v. *Electric Welding Co.*, 239 N. Y. 78, cited with approval in *Matter of Ahern* v. *South Buffalo Ry. Co.*, 303 N. Y. 545, 552, affd. 344 U. S. 367, 372). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.