LOWELL N. BINER, APPELLANT, v. DYNALECTRON CORPORATION, A FOREIGN CORPORATION, RESPONDENT.

No. 5794

September 16, 1969                458 P.2d 616

*Thornton, Guinan & Griswold,* of Reno, for Appellant.

*Vargas, Bartlett & Dixon* and *Frederic R. Starich,* of Reno, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

This is an action for damages brought by Lowell Biner, employee, against Dynalectron Corporation, his employer. The district court granted summary judgment to the employer since the employee had previously sought and secured compensation for his injury under the Workmen's Compensation Law of Texas. The issue presented to the district court, and now to us, is whether the Texas award of compensation bars this action against the employer in Nevada. We agree with the lower court that the employer is not liable on the record presented and affirm the summary judgment.

Biner was hired by Dynalectron in Nevada and was injured here during the course of his employment. Dynalectron was not covered under the Nevada Industrial Insurance Act. It had, however, secured coverage for its employees under the Employees Liability Act of Texas. Continental Casualty Company was the insurer. Biner submitted his claim for compensation to Continental, and a compromise settlement agreement was made pursuant to which Continental paid Biner $1,855.00. That settlement was approved by the Industrial Accident Board of Texas. It is Biner's contention that the Texas award is void and may be ignored since the applicable law of that state does not provide coverage to an employee who is hired and injured in another state. Thus, he argues that he may seek additional compensation from his employer by a common-law action in this state.

For the purpose of this appeal we assume that the Texas award of compensation is void. It does not follow, however, that its collection and retention does not affect his right of action asserted here. He made claim under the Texas statute and is charged with knowledge of its provisions. The award which he received is binding in Texas until lawfully set aside. Pearce v. Texas Employers Ins. Association, 403 S.W.2d 493 (Ct.Civ.App.Tex. 1966). He has not challenged that award in Texas, nor does he in this case suggest that the Texas award should be rescinded for mistake. Indeed, were he to so suggest the duty would be his to tender back what he had received before commencing this action. He is estopped from litigating

this claim for damages while clinging to the fruits of the contract which he asserts is void. Brassel v. Electric Welding Co. of America, 145 N.E. 745 (N.Y. 1924).

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.