RICHARD TOLAND, PLAINTIFF-RESPONDENT, v. ATLANTIC GAHAGAN JOINT VENTURE DREDGE, NO. 1, *ET AL.*, DEFENDANTS-APPELLANTS.

Argued October 14 and 16, 1970—Decided November 23, 1970.

*Mr. Peter A. Piro* argued the cause for defendants-appellants (*Messrs. Haskins, Robottom & Hack,* attorneys; *Mr. Peter A. Piro* on the brief).

*Mr. George H. Conover* argued the cause for plaintiff-respondent (*Messrs. Levinson, Conover, Lieberman & Fink,* attorneys).

PER CURIAM. We affirm the judgment of the Appellate Division substantially for the reasons expressed in ᵗts opinion reported at 109 *N. J. Super.* 186 (1970). How-

ever, we deem it necessary to add the following comments. The Appellate Division held that the New Jersey Division of Workmen's Compensation never had jurisdiction to make an award for an injury incurred by a seaman on a vessel in navigable waters, and that the federal maritime remedies were exclusive. *Id.* at 192. We note that there are instances in which state workmen's compensation laws and federal maritime remedies give rise to concurrent jurisdiction. *Calbeck v. Travelers Ins. Co.,* 370 *U. S.* 114, 82 *S. Ct.* 1196, 8 *L. Ed.* 2d 368 (1962); *Hansen v. Perth Amboy Dry Dock Co.,* 48 *N. J.* 389 (1967); *Szumski v. Dale Boat Yards, Inc.,* 48 *N. J.* 401 (1967); *Allisot v. Federal Shipbuilding & Drydock Co.,* 4 *N. J.* 445 (1950). We need not decide whether in the circumstances here the Division had jurisdiction. In either case the result is the same. Assuming, as defendants contend, the Appellate Division erred in holding that the Division lacked jurisdiction, it was nonetheless correct in granting the plaintiff the right to pursue his federal remedies. Our compensation statute does not deprive a seaman of his historic federal claims. See *Reed v. Steamship Yaka,* 373 *U. S.* 410, 83 *S. Ct.* 1349, 10 *L. Ed.* 2d 448 (1963); *Biggs v. Norfolk Dredging Co.,* 360 *F.* 2d 360 (4 Cir. 1966). The elective provisions of our statute (*N. J. S. A.* 34:15–8) were only intended to deny employees their traditional common law tort remedies. *Cf. Danek v. Hommer,* 9 *N. J.* 56 (1952); *Davey v. Deleware L. and W. R. R. Co.,* 105 *N. J. L.* 178 (E. & A. 1928), *cert. denied* 279 *U. S.* 838, 49 *S. Ct.* 252, 73 *L. Ed.* 985 (1928).

█ We are satisfied that the plaintiff made plain from the start his intention to pursue his federal rights under the Jones Act and general maritime law. There is no basis for defendants' claim of waiver, accord and satisfaction, or election of remedies. See *Pedersen v. Manitowoc Co.,* 25 *N. Y.* 2d 412, 306 *N. Y. S.* 2d 903, 255 *N. E.* 2d 146 (1969); *Dacus v. Spin-nes Realty & Construction Co.,* 22 *N. Y.* 2d 427, 293 *N. Y. S.* 2d 83, 239 *N. E.* 2d 718 (1968), *rehearing denied,* 22 *N. Y.* 2d 972, 295 *N. Y. S.* 2d 1032, 242 *N. E.*

2d 498 (1968) ; *Reed v. Steamship Yaka, supra; Biggs v. Norfolk Dredging Co., supra.* But see *Brassel v. Electric Welding Co.,* 239 *N. Y.* 78, 145 *N. E.* 745 (1924) ; *Larson, Workmen's Compensation Law,* § 87.74(b) (1958). We recognize that this result gives rise to additional litigation, but that is because of the peculiar situation a member of a crew finds himself in when he is injured on navigable waters while engaged in an activity which may have sufficient connection with the interest of a state to give rise to a compensation claim. In order to insure maximum protection, he must pursue both state compensation and federal maritime remedies. Moreover, since the latter often depend upon a determination of fault (*e. g.,* Jones Act, unseaworthiness) his injuries may go completely uncompensated unless he also presses his claim of a state remedy. In these circumstances, an award of compensation, which will nearly always come first, cannot bar pursuit of federal relief.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.