■ MICHAEL FREEDUS, Respondent, v BLANCHFIELD & HOWARD, INC., Appellant.—Appeals (1) from an order of the Supreme Court at Special Term (Williams, J.), entered January 14, 1985 in Albany County, which resettled a prior order of said court granting plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

For the reasons stated in the decision written at Special Term, we conclude that plaintiff is entitled to partial summary judgment in its action for counsel fees. However, since defendant contested the reasonableness of the amount of the counsel fees, a hearing should be held on that issue *(see, Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516, 524).

Order and judgment modified, on the law, without costs, by reversing so much thereof as fixed the amount of counsel fees; matter remitted to Special Term for further proceedings not inconsistent herewith; and, as so modified, affirmed. Main, Casey and Weiss, JJ., concur.

Mahoney, P. J., and Levine, J., dissent and vote to reverse in the following memorandum by Levine, J. Levine, J. (dissenting). We respectfully dissent. This action for counsel fees arises out of plaintiff's assignor's written lease of telephone equipment to defendant and defendant's default in making the rental payments thereunder. In 1982, plaintiff commenced a replevin action to recover the equipment. Summary judgment was granted in plaintiff's favor by decision of Special Term in January 1983. Shortly thereafter, by letter dated January 28, 1983, counsel for plaintiff wrote to defendant's attorneys that plaintiff would be "willing to *waive the default* and allow your client to retain possession of the telephones, upon payment of

rent as due, through the end of the lease". Defendant's attorneys promptly accepted this proposal by letter, which enclosed a check for all arrears in full and requested an executed stipulation of discontinuance of the replevin action. The check was accepted and negotiated. However, plaintiff's attorneys initially refused to execute the stipulation of discontinuance, claiming that they had an outstanding separate claim for counsel fees as provided under the lease. Subsequently, the stipulation of discontinuance was signed and delivered, but simultaneously, the instant action was commenced on plaintiff's behalf for counsel fees. Special Term granted the motion over defendant's objection that the foregoing exchange of letters between the attorneys for the parties constituted an enforceable accord and satisfaction, precluding the instant claim.

In our view, Special Term erred in rejecting defendant's accord and satisfaction defense. Special Term relied on language in the lease (par 22) permitting plaintiff lessor to exercise its remedies "concurrently or separately and the exercise of one remedy shall not be deemed * * * to preclude the exercise of any other remedy". Since paragraph 22 in the lease listed recovery of the equipment and recovery of counsel fees as separate remedies, Special Term reasoned that the resolution of the replevin action did not preclude plaintiff's subsequent action for counsel fees.

However, paragraph 22's delineation of each of plaintiff's contractual remedies is prefaced by the phrase "in the event of the *default* hereunder". Undeniably, in both of plaintiff's actions, there was only a claim of a single default, i.e., the failure to pay the monthly rental. Consequently, when plaintiff's counsel agreed to "waive the default" in return for defendant's payment of all rental arrears and this offer was fully accepted by letter and such payment, a true, enforceable accord and satisfaction waiving defendant's default had been struck, merging any and all claims dependent upon the *default* for their validity *(Brassel v Electric Welding Co. of Am.,* 239 NY 78, 80-81).

For the foregoing reasons, we would reverse and grant defendant's cross motion for summary judgment dismissing the complaint.