In the Matter of the Claim of KENNETH HAMILTON, Respondent, against INC. VILLAGE OF LYNBROOK (POLICE DEPT.), Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the State Insurance Fund, the insurance carrier of the village of Lynbrook, from an award of the State Industrial Board in claimant's favor. Claimant was employed as a police officer by the village of Lynbrook. On June 16, 1933, while engaged in the regular course of his employment apprehending a burglar, he was struck on the head with a blunt instrument by the alleged criminal, as a result of which he sustained a concussion of the brain and hematoma of the head and was caused to suffer optic atrophy of the eyes with a total permanent loss of vision in both eyes. Claimant immediately reported his injuries to his superior officer and the village surgeon ordered him to his home at three-twenty A. M. His hours of employment were from twelve o'clock midnight to eight o'clock A. M. Claimant was paid full wages the day of the injury. He returned to work the following day and continued his services until August 1, 1935. On that day he discovered that he was suffering

from an impairment of vision of the left eye. He was relieved of active duty and placed on sick leave and received his full wages until August 1, 1936. From August 1, 1936, until October 1, 1936, he was paid fifty per cent of his usual wages. In the meantime claimant lost the vision of both eyes as the result of the accident. On January 7, 1936, the employer filed a first report of injury in which it is admitted that claimant suffered accidental injuries and that he was paid wages for the period herein specified. On February 17, 1936, claimant filed a written claim and on March 27, 1936, filed a second claim. Claimant was receiving full wages from the village prior to and subsequent to the filing of these claims. The fact that claimant was losing his eyesight was known to the officials of the village. Medical testimony definitely establishes that the optic atrophy and the loss of vision of both eyes were due solely to the injuries which claimant received on June 16, 1933. The State Industrial Board found that the village made advance payments of compensation within the meaning of the Workmen's Compensation Law and that consequently claimant was not barred from filing a claim. The evidence sustains the finding of the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. (Cf. *Matter of Schwartz* v. *Jacob Bros. Co., Inc.*, 271 N. Y. 640.) Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.