In the Matter of the Claim of DAVID CASHEL, Respondent, against BROWN, LIPE CHAPIN COMPANY, Employer, and SPECIAL FUND FOR REOPENED CASES under Section 25-a, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The Special Fund for Reopened Cases, under section 25-a of the Workmen's Compensation Law, has appealed from an award of the State Industrial Board in favor of claimant. On March 19, 1925, while claimant was engaged in the regular course of his employment he sustained injuries which resulted in one hundred per cent loss of his left eye. The sole question involved is whether or not the claim is barred by reason of claimant's failure to file a formal claim. On the day after the accident the employer filed a report of injury in which it admitted that claimant suffered an accident in the regular course of his employment. The employer provided medical attention for claimant over a period of two years. Claimant received his regular wages for several years after the accident with no deduction for time when he was unable to attend to his duties. The Industrial Board found that the employer made advance payments of compensation. The proof amply sustains this finding. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents, with a memorandum. Schenck, J. I dissent and vote to reverse the award of the Industrial Board and dismiss the claim. Section 28 of the Workmen's Compensation Law provides that claims for compensation must be made within one year from the date of accident. About two years elapsed before the claim for compensation was filed. Following the accident the employer paid medical expenses incurred by claimant, but paid no further compensation. The medical bills amounted to $57.25, but this fact alone does not establish a waiver of the requirements of section 28 under the authority of *Matter of Lissow* v. *Mabbett Motors, Inc.* (279 N. Y. 585). There is no evidence of advance payment and the pronouncement of the Court of Appeals in *Matter of Lissow* v. *Mabbett Motors, Inc.* (*supra*) is controlling here. The award should be reversed and claim dismissed.

In the Matter of the Claim of WILHELMINA TAYLOR, Appellant, against ECHO MOTOR SALES and THE TRAVELERS INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— The claimant appeals from a decision that disallows a claim that decedent died from injuries sustained in an industrial accident. There is evidence to sustain the appellant's contention and also evidence that sustains the finding of the Industrial Board, thus only a question of fact is presented. Decision unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.