In the Matter of the Claim of Humbert J. Campana, Respondent, against Prudential Insurance Company of America et al., Appellants. State Industrial Board, Respondent.— Appeal by employer, the Prudential Insurance Company of America, and other appellant, the insurance carrier, from a decision and award of disability compensation. Claimant, an agent of the employer, sustained a head injury in an accident on December 31, 1937, while riding in an automobile owned and operated by another agent, one Fadale. On January 11, 1938, the employer duly filed a first and full report of the matter and stated that the accident and injuries befell claimant while in the course of his employment. Claimant filed no formal claim but on January 3, 1939, did file notice of election to sue Fadale. He did so and that action is pending. (See *Campana* v. *Fadale*, 263 App. Div. 1064 [March, 1942].) The first hearing on the claim was on January 23, 1939. All interested parties were present by representation. No objection was there raised to claimant's failure to have filed his claim. On the day of his accident claimant received expert medical treatment furnished by the employer and, during the next two years, various medical and surgical treatments were furnished by the employer and carrier. During three periods of total disability, in 1938, 1939 and 1940, he received his regular salary. Such disability period in 1940 was seven weeks. Appellants presented no evidence in opposition to the claim. They now contend (1) that there was no sufficient evidence of the fact of the accident and injuries to claimant arising out of or in the scope of his employment; (2) that the pendency of the third-party action precluded the award, and (3) that jurisdiction to make it was lacking by reason of claimant's failure to file his claim within one year after the accident. The employer's report of the accident was competent evidence and had probative force. (*Matter of Bollard* v. *Engel*, 278 N. Y. 463, 466.) That, together with the medical and surgical

reports in the record, along with the presumptions prescribed by section 21 of the Workmen's Compensation Law, sufficiently supports the award as regards appellants' first ground of attack. The pendency of the third-party action was no bar to the award. (Workmen's Compensation Law, § 29.) Appellants' failure to raise objection to claimant's nonfiling of his claim at the first hearing aforesaid, the payments of his salary during periods of his total disability, and the furnishing him of medical and surgical treatment and hospitalization, which, under the circumstances disclosed have been justifiably found to have been advance payments — all this sufficiently supports the finding as to the removal of the bar of the statute regarding his failure to file his claim. (Workmen's Compensation Law, § 28; *Matter of Gallahan* v. *Papec Machine Co.*, 263 App. Div. 918, affd. 288 N. Y. 726; *Matter of Cashel* v. *Brown, Lipe Chapin Co.*, 263 App. Div. 912; *Matter of Kloberdanz* v. *Sheffield Farms Co.*, 260 App. Div. 823; *Matter of Hamilton* v. *Village of Lynbrook*, 258 App. Div. 1012, affd. 284 N. Y. 613.) The award should be affirmed. Award affirmed, with costs to the State Industrial Board. All concur. [See 268 App. Div. 834.]