In the Matter of the Claim of MICHAEL CONDON, Respondent, against NATIONAL ANILINE DIVISION, ALLIED CHEMICAL AND DYE CORPORATION et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of disability compensation under the Workmen's Compensation Law. Claimant in his employment was exposed to industrial fumes, gases, vapors and dust and as a result on March 20, 1942, became disabled from bronchitis, asthma, emphysema, myocarditis and pulmonary fibrosis, which have been held to be occupational diseases. The principal question is one of causal relation. Award affirmed, with costs to the State Industrial Board. All concur. [See 268 App. Div. 835.]

In the Matter of the Claim of CHARLES SCHERLAG, Respondent, against SUPERB BAKERY, INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of the Industrial Board in favor of claimant for partial disability. The Board held that claimant, who had been a baker more than thirty years, has an occupational disease as defined in paragraph 28 of subdivision 2 of section 3 of the Workmen's Compensation Law. It is the contention of appellants that claimant is suffering from a dust disease as defined by article 4-A of the law. The evidence sustains the finding of the Industrial Board. Award affirmed, with costs to the State Industrial Board. All concur.

In the Matter of the Claim of WILLIAM MOENTER, Appellant, against MARINE BAR & GRILL et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by claimant from a decision of the State Industrial Board. The sole question presented on this appeal is whether the decision of the Industrial Board holding that the claimant did not sustain an accident is supported by the evidence. The Board's decision was an act of judgment upon a debatable matter of fact and there is ample evidence to support its finding. In the circumstances, the decision of the Industrial Board must be affirmed. Decision affirmed, without costs. All concur.

In the Matter of the Claim of JOSEFA GRZYBOWSKI, Respondent, against CITY OF LACKAWANNA, Respondent, and MASSACHUSETTS BONDING & INSURANCE COMPANY, Appellant. COLUMBIA CASUALTY COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal by Massachusetts Bonding and Insurance Company from decision and award to claimant of death benefits under the Workmen's Compensation Act, made by the State Industrial Board, dated February 8, 1943, affirmed June 22, 1943, and later incorporated in a formal decision dated November 22, 1943. The controversy relates solely to the question of coverage. The Industrial Board found that the respondent Columbia Casualty Company was not on the risk at the time of the accident. The evidence sustains that finding. Award and decision affirmed, with costs to respondent Columbia Casualty Company against appellant. All concur. [See 268 App. Div. 835.]

In the Matter of the Claim of JOSEPH GLOWNEY, Respondent, against STATLER'S RESTAURANT et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by carrier and employer upon the ground that claim was not filed within the statutory period. Medical attention was furnished claimant by appellant which amounted to " advance payment " under section 28 of the Workmen's Compensation Law. Award affirmed, with costs to the State Industrial Board. All concur. [See 268 App. Div. 835.]