DANIEL J. MEANEY, Plaintiff, *v.* EDWARD J. KEATING, Doing Business under the Name of KEATING CONSTRUCTION Co., Defendant.

Supreme Court, Trial Term, Kings County, January 23, 1951.

*Edward J. S. Farrell* and *George A. Grabow* for plaintiff.

*Daniel Miner* and *William S. O'Connor* for defendant.

BERGAN, J.  Plaintiff was employed as a laborer by defendant in 1948, and on December 12th of that year he sustained burns in a fire in a building on the employer's construction job. The fire occurred late at night while plaintiff was sleeping in his home nearby. Plaintiff heard the cries of a watchman in the burning building and went there to rescue him, and while in the building also tried to control the fire.

The accident was reported to the Workmen's Compensation Board by the defendant. The board's records show it sent a notice of hearing and other notices as the proceeding progressed to plaintiff and defendant. The records of the board further show a notation that accident, notice and causal relation were established. An award was made and noticed by the board.

Compensation was paid to plaintiff in the amounts specified in the award and was accepted and retained by him in the sum of $1,676. Medical expenses were paid in the sum of $1,592 by the compensation insurance carrier. During the period the case was before the board, plaintiff came to the office of the carrier a number of times for treatment and examination and was paid his expenses for these trips.

The last notice of hearing was given for August 8, 1950, and contained the statement " claimant to be present or case will be closed." The final decision of the board on that day was in this form: " Decision: Closed on previous award — nonappearance of claimant."

The plaintiff did not file, and did not authorize anyone to file for him, a claim for workmen's compensation. He did not appear in any of the compensation proceedings. He has instituted this action for negligence against the employer and he

has tendered back the amount of compensation awards, but not the value of the hospital and medical services furnished by the compensation carrier.

If the Workmen's Compensation Board had jurisdiction of the employee's claim against the employer, the Supreme Court has no present jurisdiction of this action on two grounds: (a) the liability of an employer to an employee for an injury arising out of and in the course of employment is exclusively enforcible before the board (Workmen's Compensation Law, §§ 10, 11); and (b) the decision of the board on questions of fact and of law in this case is final (§§ 20, 23) and is an adjudication which the Supreme Court would be required to regard as conclusive and binding.

Plaintiff contends that the board did not acquire jurisdiction of him, both for the reason that he filed no claim and made no appearance before it, and for the reason that the accident itself did not arise out of and in the course of employment. Thus, so it is argued, the board acquired no jurisdiction of the person of the plaintiff and had no jurisdiction of the subject matter of the accident.

The question of jurisdiction was tried before the court preliminarily and in this part of the record the facts are not in dispute. On the record before me I find that plaintiff received the notices of the proceedings before the board, shown in its records to have been sent out. The trial was continued before the jury upon the general issue of negligence and resulted in a plaintiff's verdict, the motions for dismissal having been reserved.

That the board acquired jurisdiction of the plaintiff is not open to any doubt. The statute provides that " a claim for compensation may be presented to the employer or to the chairman ", and that the board shall have jurisdiction of claims " presented to it ". (§ 20.)

This language implies, of course, that the injured employee has " presented " the claim to his employer, who in turn reports the accident to the board, or that the employee has presented it directly to the board. But it must be considered in connection with section 28 which provides that in any case in which an advance payment of compensation is made to the employee, the board may order a hearing " in the same manner as though a claim for compensation had been filed."

This provision was intended primarily for the benefit of employees who had neglected to file claims, but it also has set

up the jurisdictional basis upon which the board proceeds in a great volume of cases where there is no dispute about the accident and in which the employer or carrier without contest pays compensation or provides medical services. In these cases the report of accident is by the employer and the board assumes jurisdiction upon the payment of compensation.

The statute necessarily must operate reciprocally and be binding equally upon employee and employer on the question of jurisdiction. If the employer is made subject to jurisdiction by this procedure the employee is also. The fact the claim may be " presented " to the employer as well as to the board suggests that a report of accident by the employer alone would give the board jurisdiction, and this, in the sequence of statutory language, is the first method prescribed in section 20 by which a claim may " be presented ".

It has been uniformly held that the payment of compensation or compensation benefits operates to give the board complete jurisdiction of the claim as though a formal claim had been presented by the employee to the employer or to the board.

In *Matter of Farquhar* v. *Godwin* (250 App. Div. 805) the claimant was a groom who had been injured riding a horse. He had received medical treatment and been paid his regular wages after the injury and had filed no claim for compensation. Five years later he filed a claim and it was held that the payment of wages was the equivalent of compensation and operated to confer jurisdiction on the board in the absence of a timely filing of a claim. This rule applies to medical services as well as the payment of compensation (*Matter of Glowney* v. *Statler's Restaurant*, 267 App. Div. 1020). (See, also, *Matter of Compana* v. *Prudential Ins. Co.*, 267 App. Div. 1007.)

The significance on this branch of the case of the payment of compensation and the furnishing of medical service is not that this operates as an estoppel between plaintiff and defendant. Jurisdictional questions do not usually turn on estoppel. The significance is that the payments are an integral part of the elements under the statutory procedure by which jurisdiction vests without formal claim. If the jurisdiction of the board to make an award after the statutory procedure had been followed and the case closed, could be challenged unilaterally in law actions, the finality of compensation awards would never become certain.

Besides this, a statutory presumption of jurisdiction over industrial accidents attaches to the decisions and awards of the board. It is presumed in the absence of substantial evidence to

the contrary that the claim is within the statute and that " sufficient notice thereof was given " (§ 21).

The board having acquired jurisdiction of the parties, its determination that plaintiff's burns were incurred in the course of and arose out of his employment is not only within the frame of its statutory power, but it is conclusive on this court even though a good argument could be made initially that the injury did not arise out of the employment, and even though this might be found, independently, as the jury here has done. The general presumption attaches fully to this branch of the case. (Cf. *Matter of Kleid* v. *Carr Bros.*, 300 N. Y. 270.)

The precise job at hand or the precise hours of work are not controlling on the question. The ultimate test is whether the service was incidental to the employment. " Services rendered in a spirit of helpful loyalty, after closing time has come, have the same protection as the services of the drone or the laggard." (CARDOZO, J., in *Matter of Grieb* v. *Hammerle*, 222 N. Y. 382, 385.) As it was noted there (p. 386) the question cannot always be worked out with precision. It is to be treated as a question of fact, which means, of course, that it lies within the statutory power of the board to find the facts conclusively and with finality.

Where it can be found that the injury was sustained while the employee was engaged in an activity in the interest of his employer, or for the protection of the life or safety of a fellow employee which ultimately amounts to the same thing, it is within the power of the board to find the accident arose out of and in the course of employment and as an incident to it.

Thus, where a mill foreman whose duties had no relation to protecting property, and who was not a member of the employer's existing fire company, saw smoke coming from the chimney of the house he lived in and which was owned by the employer, ran to the house and suffered a heart attack, it was held by the Court of Appeals that a finding that this arose " out of and in the course of " employment could be made (*Matter of Andrews* v. *Emporium Forestry Co.*, 250 N. Y. 592, 593).

Where an employee had completed his day's work and on his way from employment saw boys trespassing in his employer's orchard and was injured chasing them, the accident was held an incident to employment (*Matter of O'Brien* v. *Shore Rd. Hosp.*, 251 App. Div. 756). The effort of one employee to help another in place of danger is an incident to employment (*Matter of Dunn* v. *Hambleton Terminal Corp.*, 257 App. Div. 1095). (Cf. *Matter of Finnegan* v. *Biehn*, 276 N. Y. 50.)

In *Lunn* v. *Andrews* (268 N. Y. 538, affg. 243 App. Div. 654, affg. 152 Misc. 568) the plaintiff was a member of the Public Service Commission. He was injured in an automobile accident. The Public Service Commission had made the employer's report of injury to the board and a "claim" was executed by one of the commission's employees for the plaintiff but not signed by him. An award was made and accepted by plaintiff who then allowed the time to elapse by which the claim against a third party became assigned to the compensation carrier.

The plaintiff argued that the accident did not arise out of or in the course of employment; that he had filed no claim and, the board, thus having no jurisdiction, there could be no " election " or assignment to the carrier. It was held that the award was conclusive and that the consequent assignment of the cause had become operative.

Even if it could be determined that the board had no jurisdiction, the final award and the acceptance of it would be deemed a satisfaction of any cause against the employer. (*Brassel* v. *Electric Welding Co.,* 239 N. Y. 78.) It is only the acceptance of a nonfinal award, made without jurisdiction, which is deemed an accord but not a satisfaction. (*Fitzgerald* v. *Harbor Lighterage Co.,* 244 N. Y. 132; *Larscy* v. *Hogan & Sons,* 239 N. Y. 298.)

Since the board had acquired jurisdiction its determination must be deemed fully exclusive between the parties. (*Shanahan* v. *Monarch Eng. Co.,* 219 N. Y. 469; *Graf* v. *Mazzella,* 240 App. Div. 974.) This being so, the award, until the board modifies it, must be treated by all courts as a binding adjudication (*Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430). The verdict is set aside and the complaint dismissed.