In the Matter of the Claim of Jack Doca, Appellant, against Federal Stevedoring Company, Inc., et al., Respondents. Workmen's Compensation Board, Respondent.

Third Department, April 24, 1954.

*Arthur Hutter* and *Samuel Friedlander* for claimant-appellant.

*Morgan F. Bisselle* and *Warren C. Tucker* for Federal Stevedoring Company, Inc., and another, respondents.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

IMRIE, J.  On April 30, 1953, the Workmen's Compensation Board made a decision modifying prior awards to read " for 75 weeks from 3/10/50 to 8/17/51 @ $32 per week totaling $2400 " and concluding with the statement, " since claimant refuses to accept compensation, the case is closed, pending the outcome of the action which the claimant has instituted." It reversed a referee's decision reading, " Closed — claimant refuses to accept jurisdiction of New York State under the Workmen's Compensation Act." In its memorandum of decision the board found that, on the basis of the evidence then before it, at the time of the accident claimant had not had time to separate himself from dangers inherent to the employment and thus the accident arose out of and in the course of the employment.  On October 27, 1953, a further decision was made denying an application for review, rehearing and annulment of the award.  Claimant has appealed to this court from both decisions.

He had been a longshoreman in the employ of Federal Stevedoring Company, Inc., hereinafter referred to as Federal. On March 9, 1950, after checking out at the India Street pier in Brooklyn and while in the vicinity of the Java Street pier (said to be a block distant), he was struck and seriously injured by a machine owned by Federal and operated by its employee.  Under date of March 10, 1950, the employer filed with Workmen's Compensation Board a report of injury.  On

March 21, 1950, it filed a second report. First payment of compensation was made March 14, 1950, the usual notice of which was sent by Federal's insurance carrier to the board. From April 11 to December 1, 1950, several physicians' reports and a hospital report were filed with the board, some of which purport to quote claimant as giving a history of receiving his injuries while working.

On May 1, 1950, the board notified claimant, employer and the latter's carrier that a hearing would be held on May 19, 1950, when, on its own motion, it would make findings of employment, injury and compensation rate, together with a decision establishing the accident, notice and causal relationship. Such decision and award were made. Ten further hearings were held, all on notice, and successive awards were made. Compensation payments in the awarded amounts were made until August 17, 1951, when they were discontinued because of claimant's refusal to accept them. In the meantime, about $14,000 of medical expenses had been incurred by the carrier.

No claim was filed by or·in behalf of claimant, nor did he appear in person at any hearing. The only direct communication on his part with the board was by a letter dated June 4, 1952, authorizing an attorney to appear for him and to state that he had been advised that the board had no jurisdiction in his matter and to request that hearings be held in abeyance until the disposition of his action against his employer in Kings County Supreme Court. The named attorney had earlier appeared for claimant at a hearing on November 15, 1951, then asking for a month's adjournment because of a question as to the board's jurisdiction and suggesting that the case be held in abeyance. The same attorney appeared at subsequent hearings until and including the final one on April 9, 1953.

On July 27, 1951, claimant instituted the action above mentioned. Alleging that the accident did not happen while he was in the course of his employment, he sought damages from Federal for his injuries. Defendant moved for sumary judgment dismissing the complaint on the ground that claimant's sole remedy was under the Workmen's Compensation Law. The motion was denied. On appeal the Appellate Division, Second Department, reversed the order of denial and granted summary judgment of dismissal. That decision was affirmed by the Court of Appeals without opinion on April 16, 1953. (See *Doca* v. *Federal Stevedoring Co.*, 280 App Div. 940, affd. 305 N. Y. 648.) A similar action has been instituted in the same court

in order, as it is said, to avoid the defense of the Statute of Limitations. Proceedings for the dismissal of that action have been stayed.

Claimant here seeks reversal of the award and the finding that the accident arose out of and in the course of employment. He also asks that the matter be remitted to the board with instructions to hold further proceedings in abeyance pending the outcome of his action in Supreme Court " or of any other action he may institute."

It will not be gainsaid that the purpose of the Workmen's Compensation Law is to provide an exclusive remedy for all accidental injuries suffered by employees arising out of and in the course of employment in place of any other liability whatsoever on the part of the employer. (Workmen's Compensation Law, § 11; *Brassel* v. *Electric Welding Co.*, 239 N. Y. 78, 80.) Thus, original jurisdiction of such injuries is with the Workmen's Compensation Board alone, subject only to the court review provided by statute. The board has "full power and authority to determine all questions in relation to the payment of claims presented to it for compensation" (§ 20), which includes the right and duty to pass on questions of fact in deciding whether or not the accident comes within the provisions of the law.

Claimant emphasizes his failure to file a claim, the occurrence of the accident after he had checked out, and his departure from the place where he had been working. The question of the board's jurisdiction and powers in a compensation case, where no claim has been filed by an employee, was so completely and ably stated by Mr. Justice Bergan of this court in *Meaney* v. *Keating* (200 Misc. 308, 310–312, affd. 279 App. Div. 1030, affd. 305 N. Y. 660) as to require no repetition here. It is also there pointed out (p. 312) that the precise hours of work are not controlling in determining jurisdiction. Nor will the occurrence of the accident outside the precise bounds of the employee's usual activities bar compensation. In a dissenting opinion in *Matter of Ross* v. *Howieson* (198 App. Div. 674, 681–682, revd. 232 N. Y. 604, on the dissenting opinion) former Presiding Justice John M. Kellogg of this court said, " The words ' upon the premises or at the plant  *  *  *  of his employer,' in subdivision 4 of section 3 [now § 2] of the Workmen's Compensation Law, do not refer to ownership or property rights, but to the plant or premises as used, without regard to who owns or controls them."

" Usually a plant worker's employment begins only when he reaches the plant and ends when he leaves it.  *  *  *  But about the plant, there is a penumbra within which falls the shadow of the employment.  *  *  *  It is sufficient if the accident arises logically out of the employment and the hazards of the way in and out are part of the employment." (*Matter of Leatham* v. *Thurston & Braidich,* 264 App. Div. 449, 450–451, and cases cited, affd. 289 N. Y. 804.)

At the time of the first decision, employer's two reports of accident were on file, as well as reports of two doctors from the hospital, purporting to give claimant's history of the accident as " While working was run over by a small derrick." Intermediate of later decisions and awards further physicians' reports and a hospital report were filed, various of which noted a history of injury while working. In the absence of substantial evidence to the contrary, it is presumed that a claim comes within the provision of the law (§ 21). The record shows no such " substantial evidence to the contrary " though ample opportunity was accorded claimant to provide it. As late as March 4, 1953, a hearing was held on notice to all parties " for consideration of the question as to whether determination of jurisdiction should be made." Claimant's attorney appeared on that date and requested an adjournment until April 15th, stating that the Court of Appeals then had the facts under consideration.

In this case advance compensation had been paid. That, together with the filing of the employer's report, provided the basis for exercise of jurisdiction by the board. (*Meaney* v. *Keating,* 200 Misc. 308, 310, 311, *supra.*) Such jurisdiction was complete and exclusive. Then the determination as to whether or not claimant's injuries arose out of and in the course of employment, thereby falling within the provisions of the Workmen's Compensation Law, became a question of fact within the statutory power of the board. The consequent finding and decision to that effect have substantial support in the record and law.

The application for review and rehearing was an unverified statement by claimant's attorney. It did not sufficiently apprise the board of proposed proof calling for different findings than those already made. It was not supported by any statement, verified or unverified, of claimant or of any other person having knowledge of the accident. The application was properly denied.

Throughout the proceeding there was evident a desire to preserve claimant's standing before the board — in other words,

continuing its existent jurisdiction — while submitting his cause to a court in a common-law action. Our law contemplates no such optional procedure. The jurisdiction of the Workmen's Compensation Board, once established, is exclusive.

The award and decisions should be affirmed, without costs.

FOSTER, P. J., BERGAN and COON, JJ., concur.

Award and decisions affirmed, without costs.