■ HAROLD JOHNSON, Appellant, v. GENERAL ELECTRIC COMPANY, Respondent.— Appeal by plaintiff from an order of the Supreme Court at Special Term, entered in Rensselaer County on December 1, 1954, which granted defendant's motion to dismiss the complaint, and from the judgment entered thereon. The order of dismissal, made under rule 107 of the Rules of Civil Practice, was based upon the ground that the court had no jurisdiction of the subject matter of the action. The action was brought to recover for personal injuries alleged to have been sustained by plaintiff on June 7, 1950, while in the employ of the defendant. The complaint alleges, and it is conceded, that plaintiff was employed by defendant in a hazardous employment covered by the Workmen's Compensation Law. At the time of the accident plaintiff was employed by defendant as a guard at the Knolls Atomic Power Laboratory, which was owned by the United States Government through its agency, the Atomic Energy Commission, but which, at the time of the accident, was being operated and maintained by the defendant. Defendant was engaged in carrying on the work at the laboratory under a contract with the United States Government. There is no such legal person or legal entity as "Knolls Atomic Power Laboratory", the name being merely a designation, and concededly plaintiff's employer at all times was the defendant. Plaintiff alleges that at the time of the accident the defendant had not complied with the provisions of the Workmen's Compensation Law for securing payment of workmen's compensation benefits, pursuant to section 11 of the Workmen's Compensation Law. It appears that at the time plaintiff was injured there was in full force and effect a policy of workmen's compensation insurance obtained by defendant from the Travelers Insurance Company, in which defendant was named as the insured. Under date of July 8, 1950, plaintiff filed an employee's claim for compensation benefits for injuries he sustained in the accident of June 7, 1950, and listed his employer as General Electric Company. Subsequently hearings were held at which plaintiff appeared both personally and by counsel. The Workmen's

Compensation Board assumed jurisdiction and made an award, and it still retains jurisdiction for the purpose of making continuing awards. The Travelers Insurance Company has paid compensation to plaintiff at regular intervals since July 9, 1953, and is still paying such compensation. These payments were made by drafts which showed on the face of each that the payments were made by the Travelers Insurance Company on behalf of its insured, General Electric Company, the defendant herein, and were accepted and cashed by the plaintiff, and are still being accepted by the plaintiff. The fact that in some proceedings before the Workmen's Compensation Board the employer was designated as "Knolls Atomic Power Laboratory (General Electric Co.)" is of no significance. It appears clearly that the reference to the laboratory was only to designate the place of plaintiff's employment by the defendant, which was necessary because the above mentioned policy only covered defendant's employees who worked at the laboratory, the defendant being a self-insurer as to its other employees. Upon these undisputed facts the court at Special Term properly determined that the defendant has complied with the provisions of the Workmen's Compensation Law in providing workmen's compensation insurance, and that the plaintiff has claimed and received workmen's compensation, which is his exclusive remedy. (Workmen's Compensation Law, § 11; *Meaney* v. *Keating*, 200 Misc. 308, affd. 279 App. Div. 1030, affd. 305 N. Y. 660; *Young* v. *International Paper Co.*, 282 App. Div. 750; *Matter of Doca* v. *Federal Stevedoring Co.*, 284 App. Div. 46, affd. 308 N. Y. 44.) Judgment and order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.