James E. Mulcahy, J.
The case was tried before me without a jury. Findings were waived. The plaintiff Elsie Montross was at the time the alleged cause of action herein arose an employee of the defendant. The plaintiff John Montross is her husband. When the plaintiff Mrs. Montross finished work on February 19,1951 she ate a sandwich at a counter maintained by her employer. She paid for it but at a lesser rate than that ordinarily charged to nonemployee customers. The sandwich contained a wire which became embedded in the base of her tongue, with the result that she sustained personal injuries. Essentially her cause of action is for breach of warranty because, although an employee of the defendant she was also a customer. Her husband, of course, claims loss of services.
I do not reach the question whether the plaintiffs’ exclusive remedy here is under the Workmen’s Compensation Law. It is *319 arguable that such is not the case, especially as the woman plaintiff was a customer of the defendant when she sustained her alleged injuries, having finished her day’s work and being free to eat wherever she chose.
However, the defendant gave due notice of the accident to its insurance carrier, which caused the matter to be scheduled for a hearing on two occasions before a referee of the Workmen’s Compensation Board. The evidence showed that due notice of such hearing, and indeed of the two hearings, was given to the woman plaintiff, who nevertheless failed to appear. Her husband’s alleged cause of action is, of course, derivative. By scheduling the case for hearing and giving the proper notice of hearing to the injured person, the Workmen’s Compensation Board acquired jurisdiction of her matter. Unfortunately, Mrs. Montross was not free to ignore the notice by simply defaulting. The Workmen’s Compensation Board may acquire jurisdiction in either of two ways: one, if the injured person files a claim; two, if the employer or the carrier brings the matter before the board and notice of hearing be duly given to the injured person. As hereinabove indicated, the board acquired jurisdiction in this instance in the second of these ways (Doca v. Federal Stevedoring Co., 280 App. Div. 940, affd. 305 N. Y. 648; Matter of Doca v. Federal Stevedoring Co., 284 App. Div. 46, affd. 308 N. Y. 44; Meaney v. Keating, 200 Misc. 308, affd. 279 App. Div. 1030, affd. 305 N. Y. 660).
I do not consider significant the fact that the medical bills incurred by the plaintiffs were paid by the carrier. A small sum of money which was tendered to the woman plaintiff by way of award was not accepted by her. Nevertheless, the fact that the board did acquire jurisdiction as hereinabove stated bars this action.
Judgment may be entered accordingly in favor of the defendant dismissing the complaint herein.
Execution of judgment for costs is stayed for 10 days after service of notice of entry. Ninety days to make a case.