■ C. J. Dammann, Inc., Appellant, v. Chase Bag Company, Inc., Respondent.— Order entered December 14, 1964, granting a motion to dismiss the amended complaint unanimously modified, on the law, without costs or disbursements, so as to reinstate the second cause of action on the concession made upon argument that the motion was addressed to the face of the amended complaint only. As thus modified, the order is affirmed. Concur — Botein, P. J., Breitel, Rabin, Eager and Staley, JJ.

■ In the Matter of Selma Light et al., Respondents, v. Motor Vehicle Accident Indemnification Corporation, Appellant.— Order entered September 14, 1965, insofar as it grants plaintiff husband permission to institute suit against appellant, unanimously reversed on the law, with $30 costs and disbursements to appellant, and the motion in that respect denied. (See *Matter of Mallory* v. *MVAIC*, 23 A D 2d 101.) Concur — Botein, P. J., Breitel, Steuer and Staley, JJ.

■ Catherine Johnson et al., Respondents, v. Razor Realty Corp. et al., Appellants.— Order entered July 9, 1965, denying defendants' motion for summary judgment, unanimously reversed, on the law and on the facts, with $50 costs and disbursements to appellants, and the complaint dismissed. Plaintiff, Catherine Johnson, incurred personal injuries while engaged in her employment as superintendent of the building known as 620 East 188th Street. She filed a claim for workmen's compensation against Razor Realty Corp. and received an award, and compensation payments have been paid to her. In this action plaintiff sues Razor Realty Corp. as the owner of the building claiming that her injuries were due to the negligence of the owner and, further alleging that her employer was, in fact, Razor Realty Co., Inc. The record establishes that there is not, and never has been, a corporation known as Razor Realty Co., Inc. The defendant, M. Ratzker, is an employee of Razor Realty Corp. and, as a coemployee of the plaintiff, Catherine Johnson, he is not subject to suit by her. Plaintiff, Catherine Johnson, having been injured in the course of her employment, her acceptance of compensation payments bars her action in negligence against her employer. (*Meaney* v. *Keating*, 305 N. Y. 660, affg. 279 App. Div. 1030, affg. 200 Misc. 308.) Concur — Breitel, J. P., Rabin, McNally, Eager and Staley, JJ.