491 F.2d 973
 COASTAL PETROLEUM COMPANY, Petitioner-Appellee,
v.
SECRETARY OF the ARMY OF the UNITED STATES, of America et
al., Respondents, Trustees of the Internal
Improvement Trust Fund of the State of
Florida, Respondent-Appellant.
 No. 71-2589.
 United States Court of Appeals, Fifth Circuit.
 March 29, 1974.
 
 Robert J. Beckham, Carole A. Gardiner, Miami, Fla., for respondent-appellant.
 Charlie Luckie, Jr., Tampa, Fla., C. Dean Reasoner, Washington, D.C., Joseph C. Jacobs, Tallahassee, Fla., Irving R. M. Panzer, Washington, D.C., for Coastal Petroleum.
 Robert W. Rust, U.S. Atty., Miami, Fla., Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., William E. Welch, Acting Dist. Counsel, Corps of Engineers, Jacksonville, Fla., Stanley R. Resor, Secretary of the Army, Washington, D.C., Gen. Litigation Section, Land & Nat. Resources Div., U.S. Dept. of Justice, Washington, D.C., Robert Grafton, Central and South Fla. Flood Control Dist., West Palm Beach, Fla., Daniel S. Dearing, Chief Trial Counsel, Dept. of Legal Affairs, Tallahassee, Fla., for other interested parties.
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC (Opinion December 6, 1973, 5 Cir., 1973, 489 F.2d 777).
 Before BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In a vigorous petition for rehearing Coastal strongly protests the inclusion of the validity of the leases under the 1941 statute in the Certification and Questions addressed to the Florida Supreme Court. In support, Coastal asserts that the question of compliance with the 1941 statute was never brought in question in the Court below, and more significantly, there was no evidence pertaining to that issue. We called for response by the Trustees which we deem adequately 'detailed' despite the somewhat stringent criticisms of this response made by Coastal.
 
 
 2
 On the response and the record we are of the clear view that compliance with the 1941 statute was brought specifically and pointedly to the trial court's attention. Being leases made pursuant to the 1941 and 1945 statutes the District Court's holding that the leases were valid necessarily contemplates validity under the underlying statute. Whether footage evidence was directed to compliance with the lease, the statute, or both, and whether it affords a sufficient factual basis for resolving the consequent questions of Florida law must be left in the first instance to the Florida Supreme Court.[1]
 
 
 3
 That Court is fully capable of determining this issue. Indeed, for us to pass upon it initially would be an attempt to decide the very Florida questions which we have certified. But to eliminate any possible intimation that we are deciding the ultimate issue we delete the following portion of the certificate:
 
 
 4
 'Coastal has never complied with the drilling obligations imposed by the 1941 and 1945 Statutes or by the leases themselves (App.Ex. 66-71). (6)'[2]
 
 
 5
 Although probably not so intended the petition for rehearing makes even plainer that this is now wholly a Florida case. What started out as a plausible claim against the United States Corps of Engineers to give federal jurisdiction has now become the very small tail wagging the very big dog as the controversy shifts[3] from mining limestone from beautiful Lake Okeechobee to the energy crisis scramble for 4 1/2 million acres of off-shore oil leases.[4]
 
 
 6
 Fortunately, what has now become exclusively a Florida case can be authoritatively determined by the Florida Supreme Court. Except for the deletion set forth above (n. 2 and accompanying text) the Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 [1]
 Without intimating any opinion it strikes us that there is little real controversy about the facts. There is virtual agreement on footage drilled by lease, well and location. See, for example, 'Chart Showing Drilling History' insert p. 7, Coastal's initial brief (November 15, 1971) which Coastal describes as a 'Chart, compiled from exhibits * * * (and) consisting almost entirely of official Minutes of the Trustees.' The problem is the legal significance of these facts under the 1941, 1945 statutes, the leases, or both, as set forth in the questions certified
 
 
 [2]
 Footnote 6 read: '6. Adopting Trustee's Contention Differene No. 5.'
 To retain the original structure and so the Florida Supreme Court can see, as in the case of the differences on fact statements and questions of law, we are not mechanically rewriting the certificate but it is deleted as though physically removed.
 
 
 [3]
 See Coastal's brief on rehearing:
 It seems clear, from the Court's discussion on pages 2-4, that the Court believes that the case still involves the drilling of limestone in Lake Okeechobee. The ecological discussion on those pages is devoted to that issue. It further seems clear, from footnote 6 on page 5, that the Court is under the astonishing impression that all three leases involved here relate to Lake Okeechobee. But the question of drilling for limestone in Lake Okeechobee without Government consideration of ecological matters has long since passed out of the case, having been foreclosed by the trial judge's ruling (from which no appeal was taken), and all that is involved now is the basic validity of these leases, the vast bulk of which do not relate at all to Lake Okeechobee.
 
 
 [4]
 The map insert in Coastal's brief on rehearing shows the magnitude of these leases:
 Lease Acreage
----- ---------
224-A 1.936.100
224-B 1.974.360
248 660.736
 ---------
 4.571.196
 These leases extend out into the Gulf of Mexico approximately 10.36 miles offshore along the West Coast of Florida from about Apalachicola to just south of Naples.