541 F.2d 1119
 Lori Ann POLLOCK, Plaintiff-Appellee Cross Appellant,
Lori Ann Pollock and Billy J. Pollock, minor children of
Lewis Gene Pollock, Deceased, by their next friend, Karl
Pollock, and Elsie M. Long, as Administratrix of the Estate
of Lewis Gene Pollock, Plaintiffs-Appellees,
v.
GOVAN CONSTRUCTION COMPANY, a Michigan Corporation, and
Insurance Company of North America, its liability
insurance carrier, Defendants-Appellants
Cross Appellees.
 No. 75-1508.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 4, 1976.
 
 T. Paine Kelly, Jr., Tampa, Fla., for defendants-appellants cross appellees.
 John A. Lloyd, Jr., St. Petersburg, Fla., for plaintiff-appellee cross appellant.
 Appeals from the United States District Court for the Middle District of Florida.
 Before BROWN, Chief Judge and TUTTLE and GEE, Circuit Judges.
 JOHN R. BROWN, Chief Judge:
 
 
 1
 Lewis Gene Pollock died as the result of an on-the-job accident which occurred on November 13, 1971. Plaintiffs/Appellees are his children who were 7 and 15 years old at the time of the accident, their uncle, decedent's brother, who sues as their next friend and their aunt who was the administratrix of the estate. Defendants/Appellants, Govan Construction Company (Govan) are a company for whom, directly or indirectly, the decedent was working when killed, and its Insurer.[1]
 
 
 2
 Lewis Pollock died after some concrete stairs collapsed and fell on him while he was doing construction work on an apartment complex owned by Govan. He had been hired by Malcolm Small who in turn had been hired by Govan. The fact of Small's negligence is not appealed. His status vis a vis Govan is at issue before us. If Small were an independent contractor and he hired Pollock then Pollock was not an employee of Govan and his beneficiaries could sue Govan as a third party for wrongful death. If, however, Small were found to be an employee of Govan then Pollock was also, and his heirs would be left with only the remedy of Workmen's Compensation benefits, for a maximum recovery of $15,000. The jury found that Small was an independent contractor. We affirm on that issue, but certify to the Supreme Court of Florida some troublesome local questions which will affect the result.
 
 Independent Contractor
 
 3
 The status of Small as an independent contractor/employee was a question of fact for the jury. There are facts in the record which tend to establish Small as an employee[2] while others make him appear as an independent contractor.[3] Applying applicable Florida substantive standards we hold that there is competent substantial evidence to support the jury's finding that Small was an independent contractor and consequently that Pollock's representatives were not restricted to a workman's compensation claim against Govan as an employer, but were entitled under Florida law to pursue Govan as a third party. Guided as we are by the Seventh Amendment under our applicable standards we find the evidence sufficient to withstand the motion for directed verdict. Consequently we do not reverse that finding.[4]
 
 
 4
 This case is not so simple that a mere affirmance on the independent contractor issue will resolve it. Since we have held that Small was an independent contractor, two significant, if not decisive, issues now are raised.
 
 Estoppel
 
 5
 Soon after Pollack's death the Bureau of Workmen's Compensation as a result of the employer's (Govan's) compulsory report of injury/death administratively determined that he was an employee of Govan when he died and that the accident was compensable under the Florida Workmen's Compensation law § 440.16 Fla.Stat.[5] Thereafter Insurer for Govan began payments to Pollack's children pursuant to the applicable schedule.[6] Neither the children nor their uncle nor anyone on their behalf ever made any claim for these benefits. They simply were begun due to the self-executing nature of the Florida Act. The Bureau's order entered on January 21, 1972 both compelled the payments of benefits and designated the uncle as the proper person to receive the payments on behalf of the children. When the children later went to live with their aunt she was substituted for the uncle as the recipient of the payments.
 
 
 6
 We are now asked to decide whether the administrative determination by the Bureau of Workmen's Compensation that Pollock was an employee of Govan at the time of his death and that the accident was compensable by Govan (or Insurer) under Florida Workmen's Compensation law and the payment of benefits thereafter by Insurer and the acceptance thereof by the children constitute estoppel to bar the children from claiming that the relationship between Govan and Pollock[7] was not that of employer/employee but was, rather, an independent relationship not affected by Workmen's Compensation.
 
 Termination of Benefits
 
 7
 When their father died in 1971 as a result of the occurrence, Lori Ann Pollock was aged 7 and Billy Pollock was aged 15. When they brought suit in the District Court for his wrongful death under § 768.01[8]-.02[9] Fla.Stats. the jury awarded $57,400 to Lori Ann and $69,050 to Billy, reduced by the amounts they had already received in weekly compensation payments. The lower court instructed the jury that the children could not recover for any economic loss for the period following their eighteenth birthday. It based its ruling upon the 1973 amendments to the Florida Statutes which lowered the age of majority from 21 to 18 years of age.[10]
 
 
 8
 Under the Florida Wrongful Death Statute as it existed when Pollock died the action was restricted to the surviving spouse and if there was none then the minor child or children could sue. Under the old statute if a child had passed the age of 21 at the time of his parent's death there was no right to recovery.[11]
 
 
 9
 Even though the old statute did not specifically state that awards to children would terminate upon the child's reaching the age of majority[12] the courts clearly interpreted it as if it did. See Triay v. Seals, 1926, 92 Fla. 310, 109 So. 427, 430; Pidcock-Jones v. Watson et al., 1940, 141 Fla. 376, 193 So. 305, 306; Powell v. Gessner, 1970, Fla.App., 231 So.2d 50, 52.
 
 
 10
 Since Pollock's death in 1971, the Florida Wrongful Death Statute was amended to specifically define minor children as unmarried children under age 21.[13] Thus it seems that under either the old or new Wrongful Death Statutes recovery could be based on a maximum of 21 years. The question that now arises is what effect, if any, do the 1973 amendments to the Florida Code, § 1.01 Fla.Stat.[14] and § 743.07 Fla.Stat.[15], which lowered the age of majority from 21 to 18 have upon an action for wrongful death which accrued prior to their passage?
 
 
 11
 Related to this is the question raised by the cross appeal of Lori Ann Pollock. She contends that it was error for the Court to instruct the jury that no damages could be awarded her for loss of parental support and guidance beyond age 18 and to fail to allow them to consider the fact that their father's death made them orphans.
 
 
 12
 The briefs of counsel indicate that no definitive answer to either of these questions has yet been given by the Florida courts. Since these issues present problems of great magnitude in terms of local Florida policy and are likely to be reoccurring ones we therefore feel that we should seek an authoritative answer from the Supreme Court of Florida. These questions will be certified but this opinion does not constitute the certification. As is our practice[16] a directive will be issued in conjunction with this opinion requiring counsel to formulate the certificate. When response from counsel is received the Court will prepare and issue the formal certified questions.
 
 
 13
 AFFIRMED IN PART and CERTIFIED.
 
 
 
 [1]
 Insurance Company of North America
 
 
 [2]
 Small testified that the superintendent for Govan was in charge of everything he ever had anything to do with; that he believed he was required to do as he was told if he wanted to keep his job, he was not licensed to build stairs, he was a carpenter. Govan furnished the materials and equipment except for hammers, pinch bars and a few nuts, etc. Small was being paid by the hour and not by the job at the time of the accident
 
 
 [3]
 Neither Small nor his employees were on the payroll of Govan. Small submitted a bill upon completion of each job. Small billed Govan for himself and his employees, then paid the employees directly. It was Small who paid the social security benefits for Pollock and remitted the income taxes. Small hired and fired his own employees. On the original reports of the accidents to the Florida Workmen's Compensation Bureau, Small was named as the employer of Pollock. The pre-trial stipulation states that Pollock was an employee of Small
 
 
 [4]
 See Boeing Company v. Shipman, 5 Cir., 1969, 389 F.2d 507, on rehearing, 5 Cir., 411 F.2d 365
 
 
 [5]
 440.16 Compensation for death
 If death results from the accident within one year thereafter or follows continuous disability and results from the accident within five years thereafter, the employer shall pay:
 (1) Actual funeral expenses not to exceed five hundred dollars.
 (2) Compensation, in addition to the above, in the following percentages of the average weekly wages to the following persons entitled thereto on account of dependency upon the deceased and in the following order of preference (subject to the limitation provided in paragraph (c) of § 440.16(2) below), but such compensation shall be subject to the limits provided in subsection (2) of § 440.12 and shall not exceed a period of three hundred fifty weeks; and may be less than, but shall not exceed, for all dependents or persons entitled to compensation, sixty per cent of the average wages.
 
 
 [6]
 Payments of $112 were to be made every two weeks up to a maximum of 350 weeks or $15,000 whichever came first
 
 
 [7]
 Govan cites the following cases for this issue, Carter v. Superior Court, 1956, 142 Cal.App.2d 350, 298 P.2d 598; Shoopman v. Calvo, 1964, 63 Wash.2d 627, 388 P.2d 559; Meaney v. Keating, 1951, 200 Misc. 308, 102 N.Y.S.2d 514; Sykes v. Stone & Webster Engineering Corporation, 1947, 186 Va. 116, 41 S.E.2d 469; Jordan v. C. A. Roberts Company, 1968, 381 Mich. 91, 158 N.W.2d 901; Smith v. General Motors Corporation, D.C.E.D.Mo., 1945, 63 F.Supp. 101; Gerini v. Pacific Employers Ins. Co., 1938, 27 Cal.App.2d 52, 80 P.2d 499, and Ayres v. Genter, 1962, 367 Mich. 675, 117 N.W.2d 38
 Pollock's heirs rely on these cases, Dicks v. Cleaver, 5 Cir., 1970, 433 F.2d 248; Williams v. Duggan, Fla., 1963, 153 So.2d 726; Kibadeaux v. Standard Dredging Co., 5 Cir., 1936, 81 F.2d 670; Chesser v. General Dredging Co., DCSD Fla., 1957, 150 F.Supp. 592; Gahagen Construction Corporation v. Armao, 1 Cir., 1948, 165 F.2d 301.
 
 
 [8]
 768.01 Right of action for death
 (1) Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness, or default, of any agent of any corporation, acting in his capacity of agent of such corporation (or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon), and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action (or to proceed in rem against the said ship, vessel or boat, or in personam against the owners thereof, or those having control of her) and to recover damages in respect thereof, then and in every such case the person or persons who, or the corporation (or the ship, vessel or boat), which would have been liable in damages if death had not ensued shall be liable to an action for damages (or if a ship, vessel or boat, to a libel in rem, and her owners or those responsible for her wrongful act, negligence, carelessness or default, to a libel in personam), notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony.
 (2) The right of action as set forth in subsection (1) above shall extend to and include actions ex contractu and ex delicto.
 
 
 [9]
 768.02 Parties; damages; proviso
 Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed. In case of the death of any person solely entitled, or of all the persons jointly entitled to sue, before action brought or before the recovery of a final judgment in action brought by him or them, the right of action or the action as the case may be, shall survive to the person or persons next entitled to sue under this section, and in case of the death of one or more persons jointly entitled to sue before action brought or before the recovery of a final judgment in an action brought by them, the right of action or the action, as the case may be, shall survive to the survivor of such persons so jointly entitled to sue; and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed; provided, that any person or persons to whom a right of action may survive under the provisions of this act shall recover such damages as by law such person or persons are entitled in their own right to recover, irrespective of the damages recoverable by the person or persons whom he or they may succeed.
 
 
 [10]
 In the general provisions for the Florida code the following was added
 
 
 [1]
 01 Definitions
 In construing these statutes and each and every word, phrase, or part hereof, where the context will permit:
 (14) The word "minor" includes any person who has not attained the age of 18 years.
 In the section on domestic relations this change was made.
 
 
 [743]
 07 Rights, privileges, and obligations of persons 18 years of age or older
 (1) The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older except as otherwise excluded by the state constitution immediately preceding the effective date of this section.
 (2) This act shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
 (3) This section shall operate prospectively and not retrospectively and shall not affect the rights and obligations existing prior to July 1, 1973. Laws 1973, c. 73-21, §§ 2, 3, eff. July 1, 1973.
 
 
 [11]
 ". . . in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death . . ."
 
 
 [12]
 Florida Power & Light Co. v. Bridgeman, 1938, 133 Fla. 195, 182 So. 911
 
 
 [13]
 768.18 Definitions
 As used in §§ 768.16-768.27:
 (2) "Minor children" means unmarried children under twenty-one (21) years of age.
 
 
 [14]
 See note 10, supra
 
 
 [15]
 See note 10, supra
 
 
 [16]
 Coastal Petroleum v. Secretary of the Army, 5 Cir., 1973, 489 F.2d 777, on rehearing, 1974, 491 F.2d 973; Nardone v. Reynolds, 5 Cir., 1975, 508 F.2d 660, on receipt of answers to certification, 5 Cir., 1976, 538 F.2d 1131; Tyler v. Insurance Co. of North America, 5 Cir., 1975, 520 F.2d 341, on certification, 1976, 295 Ala. 466, 331 So.2d 641, on receipt of answers to certifications, 5 Cir., 1976, 539 F.2d 1072; Barnes v. Atlantic & Pacific Life Ins. Co., 5 Cir., 1975, 514 F.2d 704, on certification, 1975, 295 Ala. 149, 325 So.2d 143, on receipt of answers to certification, 5 Cir., 1976, 530 F.2d 98